OPINION
{¶ 1} Defendant-appellant, Darrell J. Wintrow, appeals his convictions in the Preble County Court of Common Pleas for various sex offenses. We affirm in part and reverse in part.
 {¶ 2} In January 2003, appellant was charged with a six-count indictment for engaging in sexual misconduct with two females, ages 13 and 14, in June and September of 1994. In Counts I and II, he was charged with rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b). Counts III and IV charged unlawful sexual conduct with a minor, third-degree felonies in violation of R.C. 2907.04(A).[1] Count V charged gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4). Count VI charged sexual imposition, a third-degree misdemeanor in violation of R.C. 2907.06.
 {¶ 3} The state and the defense seemingly reached a plea agreement in which the state agreed to nolle Counts I and II of the indictment in exchange for a plea of guilty to Counts III through VI. Accordingly, on March 17, 2003, a plea hearing was held.
 {¶ 4} As the indictment alleged the offenses occurred in 1994, and as Counts III through V are third-degree felonies, the court applied pre-Senate Bill 2 (S.B. 2) felony sentencing law to those charges. Accordingly, at the plea hearing the court began by informing appellant that he was facing a possible maximum definite sentence of two years for Count III. The prosecutor then interrupted and asked for a sidebar conference.
 {¶ 5} At the conclusion of the sidebar conference, the court returned to informing appellant of his possible sentence. This time, however, the court informed appellant that the maximum possible sentence for Count III was an indefinite term of four to ten years. The court further informed appellant that Counts IV and V were also subject to possible indefinite sentences of four to ten years. Appellant indicated that he understood the possible sentence, and at the conclusion of the hearing, the court accepted appellant's plea and set the case for sentencing.
 {¶ 6} On May 13, 2003, at appellant's sentencing hearing, the state informed the court that appellant's indictment, as it stood without Counts I and II, would not support a possible indefinite sentence of four to ten years. The state explained that the court would be prohibited from even considering an indefinite sentence unless the indictment was amended to include a physical harm specification. The state also informed the court that all parties involved were mutually mistaken in believing that Counts III through VI of the indictment would support a possible indefinite sentence.
 {¶ 7} Appellant admitted that the mistake was mutual, but refused to agree to an amendment. Appellant then asked the court to enforce the plea agreement as it stood. In response, the state asked the court to vacate appellant's plea, and the plea agreement upon which it was based. The court, relying upon the contract law doctrine of mutual mistake, granted the state's motion to vacate the plea agreement and returned the case to the trial docket.
 {¶ 8} On June 23, 2003, the state filed a superceding indictment that included all six counts of the indictment as it stood before the plea agreement, plus a specification charge that appellant caused physical harm during the commission of Counts III through V.
 {¶ 9} Appellant's case proceeded to trial, and on August 19, 2003, the jury made a finding of guilt on all six counts, but a finding of not guilty on the physical harm specification. The court sentenced appellant to seven to 25 years for Counts I and II, three to 10 years for Counts III through V, and 60 days for Count VI. The court further determined, upon conducting a hearing, that appellant should be classified as a sexual predator.
 {¶ 10} This appeal followed, in which appellant raises four assignments of error.
 {¶ 11} ASSIGNMENT OF ERROR NO. 1:
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE OF OHIO TO VACATE THE APPELLANT'S PLEA BARGAIN PRIOR TO SENTENCING."
 {¶ 13} In his first assignment of error, appellant argues the trial court erred when it voided his plea, and the plea agreement upon which it was based.
 {¶ 14} We begin by noting that a trial court has sound discretion to implement, accept, or reject a plea agreement. State v. Pettiford,
Fayette App. No. CA2001-08-014, 2002-Ohio-1914. We also note that plea agreements are contractual in nature and subject to contract law standards. State v. Butts (1996), 112 Ohio App.3d 683, 685-686.
 {¶ 15} Included in contract law is the doctrine of mutual mistake. The doctrine of mutual mistake permits the rescission of a contract when the parties' agreement is based upon a mutual mistake of either law or fact.State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn. (1997),79 Ohio St.3d 216, 220.
 {¶ 16} In Reilley v. Richards, 69 Ohio St.3d 352, the court held that rescission is proper "where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake." Id. at 352-353. A mistake is material to a contract when it is "a mistake as to a basic assumption on which the contract was made that has a material effect on the agreed exchange of performances." Id. at 353, citing 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1).
 {¶ 17} In the instant case, it is clear from the record that both the prosecutor and defense counsel were mistaken as to the potential sentence appellant would face under the indictment after the state, pursuant to the plea agreement, nolled Counts I and II. Appellant's trial counsel admitted as much to the trial court and in his initial brief submitted to this court.
 {¶ 18} It is also clear that the mistaken belief was material, and a basic assumption upon which the plea agreement was based. The state nolled two counts of rape, each carrying a potential sentence of seven to 25 years, with the understanding that appellant would face a possible indefinite sentence of up to ten years on the counts remaining in the indictment.
 {¶ 19} We do not find the prosecutor was negligent by failing to ensure the remaining charges in the indictment properly corresponded to the potential sentence upon which the plea agreement was based. Negligence requires, among other things, the existence or assumption of a duty, and a breach of that duty. Simmers v. Bentley Constr. Co.,64 Ohio St.3d 642, 645-646, 1992-Ohio-42. The present case does not involve a duty or breach thereof; it involves mutual mistake.
 {¶ 20} Finally, we note that even when a mistake is unilateral, and not mutual, voiding an agreement may still be proper "if the position of the parties has not changed in such a way that they cannot be restored to their original rights." Parker v. Ingle (Dec. 28, 1937), Montgomery App. No. 1454, citing Stewart v. Gordon (1899), 60 Ohio St. 170. In the instant case, the state nolled two counts of the indictment. The appellant, on his part, gave up his constitutional rights associated with a criminal trial. When the agreement was voided, both parties were restored to their original rights and positions as they existed before entering into the plea agreement.
 {¶ 21} In sum, we find the trial court did not abuse its discretion in granting the state's motion to set aside the plea agreement and return appellant's case to the trial docket. The mutual mistake underlying the plea agreement was simply the result of an innocent error, and both parties were returned to their original positions. Accordingly, the first assignment of error is overruled.
 {¶ 22} ASSIGNMENT OF ERROR NO. 2:
 {¶ 23} "THE TRIAL COURT ERRED IN MAKING THE DETERMINATION THAT THERE WAS CLEAR AND CONVINCING EVIDENCE ESTABLISHING THAT THE APPELLANT WAS A SEXUAL PREDATOR."
 {¶ 24} In his second assignment of error, appellant contends the trial court erred in classifying him as a sexual predator.
 {¶ 25} A sexual predator is a person who has been convicted of, or pled guilty to, a sexually oriented offense, and who is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). To assist a court in determining whether to classify a person as a sexual predator, the Ohio General Assembly has established guidelines located in R.C. 2950.09(B)(3).
 {¶ 26} The guidelines state that a court making a sexual predator determination shall consider all relevant factors, including, but not limited to: the ages of the offender and victim, whether multiple victims or patterns of abuse were involved, prior offenses and any mental illnesses of the offender, whether the act was cruel or involved drugs or alcohol to impair the victim, and any other behavioral characteristics that contributed to the conduct. See R.C. 2950.09(B)(3) (a-j).
 {¶ 27} Although a court must consider all the statutory factors, it has discretion to determine what weight, if any, will be assigned to each. State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288, paragraph one of the syllabus. The trial court is also not required to find the evidence supports a majority of the factors. State v. Boshko (2000),139 Ohio App.3d 827, 840. Even when only one or two factors indicate that recidivism is likely, a trial court may reasonably conclude that an offender is a sexual predator. State v. Wyant, Butler App. No. CA20030-8-029, 2004-Ohio-6663, ¶ 48.
 {¶ 28} After reviewing the statutory factors, the court must then, in light of all the testimony and evidence, "determine by clear and convincing evidence whether the offender is a sexual predator." R.C.2950.09(B)(2). Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the certainty required for beyond a reasonable doubt in criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71. It should "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Id. at 74.
 {¶ 29} On review of a decision based upon the clear and convincing standard, this court "must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof."State v. Cook, 149 Ohio App.3d 422, 431, 2002-Ohio-4812.
 {¶ 30} We have carefully reviewed the record, and we find there is clear and convincing evidence to support the trial court's determination that appellant is a sexual predator. Appellant's second assignment of error is overruled.
 {¶ 31} ASSIGNMENT OF ERROR NO. 3:
 {¶ 32} "THE COURT COMMITTED ERROR (SIC) DID NOT SENTENCE APPELLANT IN ACCORDANCE WITH THE JURY FINDINGS AND WHEN IT FAILED TO FOLLOW THE GUIDELINES SET OUT IN 2929.12(B)(C)(D)(E) OHIO REVISED CODE, WHEN IT FAILED TO SET OUT ON THE RECORD WHY THE MINIMUM SENTENCE SHOULD NOT HAVE BEEN GIVEN, AND IN FAILING TO ADVISE APPELLANT OF HIS OBLIGAIONS (SIC), IF ANY, UPON IS (SIC) BEING RELEASED FROM PRISON IN ACCORDANCE WITH 2929.19(B)."
 {¶ 33} In his third assignment of error, appellant first contends that the trial court erred when it sentenced him to an indefinite sentence of three to ten years for his convictions under Counts III through V of the indictment.
 {¶ 34} As stated above, appellant's conduct giving rise to his convictions occurred in 1994 and is governed by pre-S.B.2 felony sentencing law. Under pre-S.B.2, appellant's convictions for Counts III through V, unlawful sexual conduct with a minor and gross sexual imposition, are classified as third-degree felonies. R.C. 2907.04(B), R.C. 2907.05(B). For a Pre-S.B.2 third-degree felony, an indefinite sentence can only be imposed when there has been a specific finding that the offender caused physical harm while committing the offense. Former R.C. 2929.11(D). Without a finding of physical harm, only a definite sentence of one, one and a half, or two years can be properly imposed. Id.
 {¶ 35} In appellant's case, the jury found physical harm did not occur. Accordingly, we find the trial court erred in imposing an indefinite sentence of three to ten years for the convictions under Counts III through V. Thus, appellant's first contention under the third assignment of error is well-taken, and this matter must be remanded for resentencing.
 {¶ 36} We decline to rule upon appellant's remaining contentions under this assignment of error as they are rendered moot by our decision to remand.
 {¶ 37} The third assignment of error is sustained in part and moot in part.
 {¶ 38} ASSIGNMENT OF ERROR NO. 4:
 {¶ 39} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 40} In his fourth and final assignment of error, appellant contends that he was denied his Sixth Amendment right to the effective assistance of counsel.
 {¶ 41} In order to prevail on a claim of ineffective assistance of counsel, an appellant must satisfy two conditions. First, there must be a showing of a substantial violation of one of the duties of a defense counsel. To demonstrate this, a convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052, 2064.
 {¶ 42} Second, an appellant must show prejudice. In other words, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066.
 {¶ 43} In the instant case, appellant's specific contention seems to be that trial counsel was ineffective at the plea hearing. According to appellant, counsel should have informed the court that it was correct when it initially indicated that the possible sentence for Counts III through V would be one, one and a half, or two years. Trial counsel's failure to do so, appellant seems to contend, caused the court to void the plea agreement, which, in turn, caused appellant to be reindicted with more serious charges.
 {¶ 44} We agree with appellant that the trial court was correct when it informed appellant of his possible sentence under the indictment existing when the plea hearing took place. We do not see, however, how informing the trial court that it was correct would have affected, or rendered improper, its decision to void the plea agreement.
 {¶ 45} As discussed above, the trial court's decision to void the initial plea agreement was based upon the contract law doctrine of mutual mistake, not its interpretation or application of sentencing law. Accordingly, appellant's contention is not well-taken, and the fourth and final assignment of error is overruled.
 {¶ 46} Based upon our finding under the third assignment of error that appellant was improperly sentenced, we remand for resentencing on Counts III, IV and V.
 {¶ 47} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Walsh and Valen, JJ., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.
[1] Unlawful sexual conduct with a minor under R.C. 2907.04 was previously titled "corruption of a minor," and was charged as such in the indictment.