DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from two Scioto County Common Pleas Court judgments of conviction and sentence. Anthony M. Johnson, defendant below and appellant herein, pled guilty to two counts of possession of crack-cocaine in violation of R.C. 2925.11(A).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DID NOT COMPLY WITH OHIO CRIMINAL RULE 11 WHEN IT ENTERED INTO A NEGOTIATED A [sic]PLEA AGREEMENT WITH THE PARTIES WHICH WAS LEGALLY IMPOSSIBLE AND *Page 2 
FAILED TO ADVISED [sic] THE APPELLANT THAT THE PLEA IN CASE NUMBER 04 CR 281 WOULD REQUIRE THAT THE APPELLANT SERVE MANDATORY TIME."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT TO WITHDRAW HIS PLEA BASED UPON HIM BEING UNDER THE INFLUENCE OF CRACK-COCAINE."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCE[S] ON REMAND AS THE ONLY STATUTORY AUTHORITY FOR IMPOSING CONSECUTIVE TERMS WAS STRICKEN BY THE OHIO SUPREME COURT AS BEING UNCONSTITUTIONAL IN STATE V. FOSTER (2006) 109 OHIO ST. 3D 1."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ENTERING A FINDING THAT THE SENTENCE[S] IT IMPOSED WAS AN [sic] AGREED UPON AND ALLOWING A RECUSED JUDGE TO SIGN THE SENTENCING ENTRIES."
 {¶ 3} On February 25, 2004, authorities executed a search warrant at 1526 Twelfth Street in Portsmouth. Deputies chased several occupants of that building outside, including appellant. Appellant apparently possessed a baggie of "white rocks" later identified as crack cocaine. The Scioto County Grand Jury returned an indictment and charged appellant with one count of cocaine possession and one count of drug trafficking (Case No. 04CR281).
 {¶ 4} On April 23, 2004, authorities executed another search warrant at 1417 Fourth Street in Portsmouth. They again found appellant and he possessed a baggie that contained a white powdery substance later identified as cocaine. The Scioto *Page 3 
County Grand Jury returned an indictment and charged appellant with drug possession (Case No. 04CR500).
 {¶ 5} Appellant initially pled not guilty to both offenses, but later reached an agreement to plead guilty to the two possession counts in exchange for (1) a dismissal of the trafficking charge and (2)a three year prison sentence in Case No. 04CR281 and a four year prison sentence in Case No. 04CR500, with the sentences to be served consecutively for a total of seven years imprisonment.
 {¶ 6} After reviewing the terms of the parties' agreement and advising appellant of his constitutional rights, the trial court accepted appellant's pleas and found him guilty. The court set the matter for sentencing on September 13, 2005. Appellant, however, did not appear at his sentencing hearing.
 {¶ 7} Approximately one year later, appellant was apprehended in Franklin County and returned to Scioto County. Appellant thereupon filed a motion to withdraw his guilty pleas and claimed that he entered into the plea agreement while under the influence of drugs.
 {¶ 8} At the December 20, 2006 hearing to consider appellant's motion, appellant conceded that he passed a drug test on the day that he pled guilty. He explained, however, that he had ingested a substance called "Really Clean" or "Extra Clean" that he purchased in Columbus and that this substance, allegedly, masked the signs of any drug in his system. Appellant further related that on his way to Scioto County for the hearing, he smoked crack cocaine. The trial court was unswayed and overruled appellant's motion.
 {¶ 9} The matter then proceeded to sentencing. We readily concede, however, that appellant's sentencing is somewhat confusing. The transcript of the December 20, *Page 4 
2006 sentencing hearing reveals that the trial court sentenced appellant to eight years imprisonment in Case No. 04CR281 and three years in Case No. 04CR500, with the sentences to be served consecutively for a total of eleven years. An entry filed in Case No. 04CR281 on that same day imposed the sentence pronounced at the hearing. Similarly, in Case No. 04CR500, an entry was filed the same day as the sentencing hearing and reflected the same sentence imposed at the hearing.[1] However, on February 20, 2007 the trial court filed nunc pro tunc entries that in Case No. 04CR281 imposed a reduced three year prison sentence and in Case No. 04CR500 included the same three year sentence as the court imposed in its December 20, 2006 entry.[2] Additionally, the entry in Case No. 04CR281 states that appellant's sentences in both cases must be served consecutively for a total of seven years (but in light of the three year sentences imposed in both entries, the aggregate total in prison could only be six years). As for the nunc pro tunc entry in Case No. 04CR500, that judgment specifies that the consecutive sentences should total eleven years (but does not discuss the three year sentences imposed in both of the entries). These appeals followed.[3]
 {¶ 10} Appellant's assignments of error challenge the trial court's sentencing decision. However, before we can conduct a meaningful review of appellant's *Page 5 
sentences, we must be able to identify with certainty the actual sentences that the trial court imposed. As mentioned above, the nunc pro tunc entries appear to contradict one another and impose aggregate sentences that are mathematically impossible. It is also unclear whether the parties are fully aware of the nunc pro tunc entries because neither appellant nor the appellee refer to them in their briefs. Rather, the only sentencing entries the parties mention in their briefs are those filed on December 20, 2006.[4]
 {¶ 11} Finally, we have some question concerning the propriety of the nunc pro tunc entries. Generally, the purpose of a nunc pro tunc entry is to correct an omission in a prior judgment and enter upon the record the judicial action actually taken, but erroneously omitted, from the record. See Roth v. Roth (1989), 65 Ohio App.3d 768, 771,585 N.E.2d 482; State v. Breedlove (1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420;Mckay v. Mckay (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317. Nunc pro tunc entries should not reflect what a court might decide, should decide or intended to decide, but, rather, what in fact a court actually did decide. See Leaseway Distribution Centers, Inc. v. Ohio Dept. of Adm.Serv. (1988), 49 Ohio App.3d 99, 108, 550 N.E.2d 955; Renz v. Renz (Aug. 25, 1992), Athens App. Nos. 1492 1519. In other words, a nunc pro tunc judgment entry should be used only to rectify clerical mistakes, not to notify or amend something that resulted from a deliberate action.Dentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116, 118,498 N.E.2d 1079; Metzger v. Thurman (Jul. 27, 1993), Scioto App. No. 92CA2106; Baker v. Dupler (Dec. 13, 1991), Athens *Page 6 
App. No. 1481.
 {¶ 12} In the case sub judice, to the extent that the nunc pro tunc entries change appellant's sentences, we believe that the entries may be improper. The December 20, 2008 sentencing entries appear to correctly reflect the sentences imposed at the sentencing hearing. To the extent that the nunc pro tunc entries were used to reflect that the proper trial judge signed the entry, that action would have constituted a proper usage.[5]
 {¶ 13} In any event, in light of these issues we will not review appellant's assignments of error until we are able to discern a definitive statement of the sentences that the trial court actually imposed. The Third Appellate District recently faced a situation similar to this one when they were confused as to the sentence actually imposed. In need of clarification, they vacated that sentence and remanded the case for re-sentencing. See State v. Barker, Union App. No. 14-06-46,2007-Ohio-1915, at fflf10-11. We do the same here.
 {¶ 14} Accordingly, we hereby vacate appellant's sentences and remand the case for re-sentencing consistent with this opinion. We hasten to add that we pass no judgment whatsoever on any substantive issue appellant raised in his brief. Rather, we hereby vacate appellant's sentences solely because we are unclear as to the exact prison terms that the trial court imposed. *Page 7 
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the case be remanded for further proceedings and that appellant recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Harsha, J. Kline, J.: Concur in Judgment Opinion *Page 8 
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The December 20, 2006 sentencing entry in Case No. 04CR281 also formally dismissed Count II of the indictment in that case (trafficking) pursuant to the terms of the plea agreement.
[2] As noted infra in the opinion, the trial court ordered these sentences to be served consecutively. We also parenthetically note that if we use the the three year sentences set out in both nunc pro tunc entries, appellant would serve an aggregate total of six years, which is less than the aggregate total he would have had to serve under the original plea agreement.
[3] On April 4, 2007, we ordered the cases consolidated for purposes of review.
[4] The nunc pro tunc entries indicate that appellant's counsel did not respond to a request to approve them. Furthermore, although an assistant prosecutor signed the entries, the arguments advance in appellee's brief appear to indicate that the appellee is also unaware of their existence.
[5] The record indicates that Judge Marshall recused himself from this case and Judge Harcha presided over the sentencing hearing. However, Judge Marshall apparently signed the December 20, 2006 sentencing entries. Judge Harcha signed the nunc pro tunc entries. One of appellant's assignments of error challenges the fact that Judge Marshall signed the sentencing entries rather than Judge Harcha. This is one reason we question whether the parties are aware of these nunc pro tunc entries. Presumably, appellant would not raise this assignment of error if he knew that a nunc pro tunc entry signed by the correct judge was later filed of record. *Page 1