The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson,* 182 Ohio App.3d 628, 2009-Ohio-1871.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

Nos. 08CA3235 and 08CA3236.

Decided April 20, 2009.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Joseph L. Hale, Assistant Prosecuting Attorney, for appellee.

Moore & Yaklevich and W. Jeffrey Moore, for appellant.

---

ABELE, Judge.

{¶ 1} This is a consolidated appeal from two Scioto County Common Pleas Court judgments of conviction and sentence. Anthony M. Johnson, defendant below and appellant herein, pleaded guilty to two counts of possession of crack cocaine in violation of R.C. 2925.11(A).

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

The trial court did not comply with Ohio Criminal Rule 11 when it entered into a negotiated a [sic] plea agreement with the parties which was legally impossible and failed to advised [sic] the appellant that the plea in case number 04 CR 281 would require that the appellant serve mandatory time.

SECOND ASSIGNMENT OF ERROR:

The trial court erred in not allowing the appellant to withdraw his plea based upon him being under the influence of crack-cocaine.

THIRD ASSIGNMENT OF ERROR:

The appellant was denied effective assistance of counsel.

FOURTH ASSIGNMENT OF ERROR:

The trial court erred in imposing consecutive sentence[s] on remand as the only statutory authority for imposing consecutive terms was stricken by the Ohio Supreme Court as being unconstitutional in *State v. Foster* (2006) 109 Ohio St.3d 1, 845 N.E.2d 470.

FIFTH ASSIGNMENT OF ERROR:

The trial court involvement in the plea negotiations should bind the court to the agreed sentence.

{¶ 3} On February 25, 2004, authorities executed a search warrant at 1526 Twelfth Street, Portsmouth. Deputies chased several occupants of that building, including appellant, outside. A subsequent search revealed that appellant possessed a baggie of "white rocks," later identified as crack cocaine. The Scioto County Grand Jury returned an indictment charging appellant with one count of cocaine possession and one count of trafficking (case No. 04CR281).

{¶ 4} On April 23, 2004, authorities executed another search warrant at 1417 Fourth Street, Portsmouth. There they found appellant and, once again, he possessed a baggie that contained a white powdery substance, later identified as cocaine. The Scioto County Grand Jury returned an indictment, charging appellant with possession (case No. 04CR500).

{¶ 5} Appellant initially pleaded not guilty, but later agreed with the prosecution to plead guilty to the two possession counts in exchange for (1) the dismissal of the trafficking charge, (2) the imposition of a three-year prison sentence in case No. 04CR281, (3) the imposition of a four-year prison sentence in case No. 04CR500, (4) that the sentences be served consecutively for a total of seven years' imprisonment, and (5) that appellant be eligible for judicial release after four years.

{¶ 6} After reviewing the terms of the agreement and advising appellant of his rights, on August 5, 2005, the trial court accepted appellant's pleas and found him guilty. The court set the matter for sentencing on September 13, 2005, but appellant did not appear in the court.

{¶ 7} Approximately one year later, appellant was apprehended in Franklin County and returned to Scioto County for sentencing. On December 11, 2006, appellant filed a motion to withdraw his previously entered guilty pleas and claimed that he agreed to the prosecution's terms while under the influence of drugs.

{¶ 8} At the December 20, 2006 hearing, appellant conceded that he passed a drug test on the day that he pleaded guilty. He explained, however, that he had

ingested a substance called "Really Clean" or "Extra Clean" that he had purchased in Columbus and that this substance masked the presence of drugs in his system. Appellant further related that on his way to Scioto County for the hearing, he smoked crack cocaine. The trial court overruled appellant's motion.

{¶ 9} The matter proceeded to sentencing and at that point becomes somewhat confusing. The transcript of the December 20, 2006 sentencing hearing indicates that the trial court sentenced appellant to serve eight years' imprisonment in case No. 04CR281 and three years in case No. 04CR500, with the two sentences to be served consecutively, for a total of 11 years. A judgment entry in case No. 04CR281 imposed the sentence pronounced at the hearing. Similarly, in case No. 04CR500, a judgment entry was filed the same day as the sentencing hearing and reflected the same sentence imposed at the hearing.[1]

{¶ 10} However, on February 20, 2007, nunc pro tunc entries were filed in each case. The nunc pro tunc entry in case No. 04CR281 imposed a reduced three-year prison sentence, and the nunc pro tunc entry in case No. 04CR500 retained the same three-year sentence imposed in the December 20, 2006 entry. The entry in case No. 04CR281 further states that the sentences in both cases must be served consecutively, for a total of seven years. In view of the three-year sentences imposed in both entries, however, the aggregate total time in prison could only be six years. As for the nunc pro tunc entry in case No. 04CR500, that judgment specified that the consecutive sentences should total 11 years, which is mathematically impossible in light of the three-year sentences imposed in both of the entries.

{¶ 11} Appeals were taken from those judgments and the nunc pro tunc entries. Because it was unclear exactly what sentences the trial court actually imposed, we vacated appellant's sentences. See *State v. Johnson,* Scioto App. Nos. 07CA3135 and 07CA3136, 2007-Ohio-7173, 2007 WL 4615951. A new sentencing hearing was held on February 15, 2008, at which time appellant was sentenced to eight years in case No. 04–CR–281 and three years in case No. 04–CR–500. On remand, the trial court ordered the two sentences to be served consecutively, for a total of 11 years' imprisonment. These appeals followed.[2]

I

{¶ 12} Appellant asserts in his first assignment of error that the terms of the 2005 plea agreement are legally unenforceable and, thus, render his plea

---

1. The December 20, 2006 sentencing entry in case No. 04CR281 also formally dismissed count II of the indictment in that case (trafficking) pursuant to the terms of the plea agreement.

2. We ordered these new appeals consolidated on July 24, 2008.

involuntary and unknowing and require us to vacate the agreement. For the following reasons, we agree.

{¶ 13} The basis for appellant's argument stems from the terms of the 2005 plea agreement. The transcript of the 2005 change-of-plea hearing reveals that as part of the agreement, appellant was informed that "there [would] be no objection to a judicial release at the end of four years in the penitentiary." The trial court also represented to appellant that it "anticipated" that he would be given judicial release within that time frame.[3] The parties do not dispute that those assurances were based on a misinterpretation of Ohio law.[4] In its brief, the prosecution candidly concedes that during the plea hearing, "the prosecution, the defendant, and the trial court were all under the mistaken impression that [appellant] would be eligible for judicial release after serving four years of his seven year sentence." The prosecution further admits that appellant was not "eligible for judicial release after serving four years." Furthermore, at the December 20, 2006 sentencing hearing, the court asked the prosecution why the plea agreement was even entered into "if it's in violation of law * * *?" The assistant prosecutor answered that "it was probably an oversight at the time."

{¶ 14} The central issue in this matter is whether the plea agreement can be permitted to stand, in light of the fact that counsel and the court misrepresented appellant's eligibility for judicial release. Generally, if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it. See, e.g., *State v. Hart,* Cuyahoga App. No. 84531, 2005-Ohio-107, 2005 WL 77054, at ¶ 12; *State v. Wintrow,* Preble App. No. CA2003–10–021, 2005-Ohio-3447, 2005 WL 1545792, at ¶ 21; *State v. Ulrey* (Apr. 30, 1998), Cuyahoga App. No. 71705, 1998 WL 213085. Here, there is no question that everyone involved in the case sub judice misunderstood the law. We also recognize that the complexity of the felony-sentencing statutes contributed greatly to this misunderstanding. Thus, as in any other contractual situation, no "meeting of the minds" existed, and the appropriate recourse is to rescind the plea agreement.

---

**3.** Appellant was represented by different counsel at that time. Also, the trial court judge involved in the change-of-plea hearing is different from the judge who imposed the sentence being appealed herein.

**4.** While neither party has explicitly explained the nature of the error in the plea agreement, we presume it is as follows: The agreement called for appellant to spend stated terms of imprisonment of three and four years, to be served consecutively, for a total of seven years. Under R.C. 2929.20(C)(3), appellant could apply for judicial release no earlier than five years after he began serving his term, rather than the four-year time frame that had been represented to him during the trial court proceeding.

{¶ 15} Additionally, the Greene County Court of Appeals recently held in a similar case that by promising a sentence less than what is required by law, a trial court induced the guilty plea based on a promise that was unlawful and could not be fulfilled. The court went on to find that this false promise to the defendant rendered his guilty plea unknowing and void. See *State v. Barajas–Larios*, 178 Ohio App.3d 613, 2008-Ohio-5460, 899 N.E.2d 212, ¶ 19. Although the Barajas–Larios case involved the misrepresentation of a lighter sentence, rather than eligibility to apply for judicial release, the effect remains the same—an accused was promised a shorter sentence than Ohio law required.

{¶ 16} In the case sub judice, we find no indication of malfeasance. Rather, the evidence in the record points to this as a simple mistake as to the law. Still, concerns for potential future abuse and fundamental fairness require that we not allow a plea agreement to stand when it was obtained on the basis of a misrepresentation to the accused that he would be released from prison earlier than what the law permits.

{¶ 17} The prosecution counters that the mistake is rendered nugatory by appellant's failure to appear at the original sentencing hearing, thus allowing the trial court to take the original plea agreement "off the table." The problem, however, is not with the sentence the court imposed, but rather with the terms of the original plea agreement. If the terms of the plea agreement were lawful, and if appellant was not enticed to enter into the agreement due to a misrepresentation of the law, we would agree that the trial court was not bound by the agreement's terms insofar as sentencing goes. However, this mistake occurred at the change-of-plea hearing. Appellant was ostensibly induced to enter a guilty plea in exchange for the promise that he would be released from prison earlier than what the law allows. We do not believe that this misunderstanding can form the basis of a valid plea agreement.

{¶ 18} For all these reasons, we hereby sustain appellant's first assignment of error.

## II

{¶ 19} Because our decision to sustain appellant's first assignment of error necessitates the reversal of his convictions and sentences, the remaining four assignments of error have been rendered moot and are hereby disregarded. See App.R. 12(A)(1)(c). Therefore, we hereby reverse the trial court's judgment, vacate the plea agreement, and remand the cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

KLINE, P.J., and HARSHA, J., concur.