[Cite as *State v. Garcia*, 2017-Ohio-8619.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

HUGO C. GARCIA

    Appellant

C.A. No.    16CA011066

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CR079902

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

CALLAHAN, Judge

{¶1}    Appellant, Hugo Garcia, appeals the entry of the Lorain County Common Pleas Court, which denied his motion to vacate his void sentence. For the reasons set forth below, this Court reverses.

I.

{¶2}    In 2010, Mr. Garcia was indicted for trafficking in drugs and possession of drugs (marijuana), both second-degree felonies. On March 7, 2011, Mr. Garcia entered into a negotiated plea and pleaded guilty to the amended counts of funding of marijuana trafficking and possession of marijuana, both felonies of the third degree. The written plea agreement, signed by Mr. Garcia, his counsel, and the prosecutor, indicated that the offenses were allied and that Mr. Garcia would be sentenced to a four-year mandatory prison term and a $5,000 mandatory fine on the funding of marijuana trafficking charge.

{¶3} After his plea, Mr. Garcia suffered injuries that required long-term hospitalization and rehabilitation. He was eventually sentenced on June 9, 2014 to four years in prison and a mandatory $5,000 fine.[1]

{¶4} After Mr. Garcia's plea but prior to the imposition of his sentence, 2011 Am.Sub.H.B. No. 86 ("H.B. 86") became effective. As it pertains to Mr. Garcia, H.B. 86 provides that the maximum sentence that can be imposed for a third-degree felony is 36 months.

{¶5} In November 2016, Mr. Garcia filed a motion to vacate his void sentence, which was denied by journal entry. The trial court reasoned that the "sentence was agreed upon by and between the Defendant and the State of Ohio."

{¶6} Mr. Garcia filed this appeal, raising one assignment of error.

II.

**Assignment of Error**

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO
DENY THE MOTION TO VACATE VOID SENTENCE AND TO ORDER A
NEW SENTENCING HEARING WHEN LACKING SUBJECT-MATTER
JURISDICTION UNDER OHIO REV. CODE § 1.58(B) TO SENTENCE
APPELLANT UNDER THE GREATER PENALTIES OF OHIO SENATE BILL
2 WHEN HE SHOULD HAVE BEEN SENTENCED UNDER THE LESSER
PENALTIES OF OHIO HOUSE BILL 86.

{¶7} In his sole assignment of error, Mr. Garcia argues that the trial court erred by denying his motion to vacate because his sentence is void as the trial court failed to sentence him under H.B. 86. The State concedes the error.

{¶8} Section 4 of H.B. 86 expressly provides, "The amendments to * * * [R.C.] 2929.14[A] that are made in this act apply to a person who commits an offense specified or

---

[1] The sentencing entry appears to contain a clerical error in that it states that Mr. Garcia pleaded guilty to and was found guilty of trafficking in marijuana.

penalized under th[at] section[] on or after the effective date of this section *and* to a person to whom [R.C.] 1.58[B] makes the amendments applicable." (Emphasis added.) R.C. 1.58(B) provides, "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." "The key phrase in R.C. 1.58(B) is 'if not already imposed.'" *State v. West*, 2d Dist. Montgomery No. 24998, 2012-Ohio-4615, ¶ 12.

{¶9} Mr. Garcia pleaded guilty to two amended counts, both of which were third-degree felonies. The agreed sentence was to be a four-year mandatory prison sentence and a mandatory $5,000 fine. That sentence was within the statutory structure for third-degree felonies at the time of Mr. Garcia's plea. *See* former R.C. 2929.14(A)(3). Mr. Garcia's sentencing was scheduled for June 6, 2011; however, due to extenuating circumstances, he was not sentenced until June 9, 2014. In the interim, H.B. 86 became effective on September 30, 2011.

{¶10} As it pertains to Mr. Garcia, H.B. 86 changed the sentencing structure for third-degree felonies. R.C. 2929.14(A)(3)(b) provides, "For a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Also, H.B. 86 amended R.C. 2925.05(C)(3) such that a mandatory sentence under that section is only imposed on repeat drug offenders. On June 9, 2014, the trial court could only have sentenced Mr. Garcia to a maximum of thirty-six months in prison.

{¶11} "It is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void ab initio." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 29, fn. 3. Because his sentence was void, Mr. Garcia requests that this Court order the trial court to conduct a new sentencing hearing. The State, while acknowledging that a remand for resentencing is one available option urges this

Court to follow *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545 and vacate the entire plea agreement.

{¶12} In that case, Mr. Girts' 1993 aggravated murder conviction was reversed and remanded for a new trial. *Girts* at ¶ 3. After a second trial he was again convicted of aggravated murder, but that conviction was ultimately overturned by the Sixth Circuit. *Id.* at ¶ 4-5. On January 31, 2014, prior to the commencement of a third trial, the parties entered into a plea agreement, part of which was an agreement that Mr. Girts be sentenced to a pre-S.B. 2 sentence. *Id.* at ¶ 7. Thus, even though H.B. 86 was effective at the time of his plea and sentence, the parties agreed that Mr. Girts would be sentenced to indefinite prison terms for his pleas to involuntary manslaughter and insurance fraud, in accordance with the sentencing structure that was in place at the time of his offense.

{¶13} Mr. Girts successfully appealed that sentence and the appellate court found:

> Girts could not have entered his guilty plea intelligently and knowingly since he believed pre-S.B. [2] sentencing law applied. Indeed, the state may not have offered the plea if it knew Girts would be sentenced under H.B. 86. A plea agreement is a contract and "[p]rinciples of contract law are generally applicable to the enforcement and interpretation of plea agreements." *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, ¶ 26, quoting *State v. Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50.
>
> A mutual mistake of fact is grounds for recision of a contract. *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn*., 79 Ohio St.3d 216, 220 (1997), citing 1 Restatement of the Law 2d, Contracts 385, Mistake, Section 152(1) (1981). "[I]f the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement," the agreement should be rescinded. *State v. Johnson*, 182 Ohio App.3d 628, 2009-Ohio-1871, ¶ 14 (4th Dist.).

*Girts* at ¶ 21-22. This Court finds *Girts* to be distinguishable from the case before us. In *Girts* the parties entered into their plea "contract" when H.B. 86 was already in effect. Hence, they entered into an illegal contract because, at the time, the court was only authorized to sentence

Mr. Girts in accordance with H.B. 86, which did not include indefinite prison terms for his offenses.

{¶14} In the case before us, the March 7, 2011 plea "contract" between the State and Mr. Garcia was a legal contract because H.B. 86 had not yet become effective and the court would have been authorized at that time to sentence Mr. Garcia to the agreed upon four-year mandatory sentence. There is no dispute, however, that no sentence was imposed until Mr. Garcia came before the court three years later. Pursuant to R.C. 1.58(B) and section 4 of H.B. 86, on June 9, 2014, the trial court was only authorized to impose a sentence that fell within the statutory sentencing scheme in existence on that date. As such, Mr. Garcia's current sentence is void. "[S]entences that do not comport with mandatory provisions are subject to total resentencing." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 20. Consequently, Mr. Garcia is entitled to a new sentencing hearing.

### III.

{¶15} Mr. Garcia's sole assignment of error is sustained. The judgment of the Lorain County Common Pleas Court is reversed and this matter is remanded for a new sentencing hearing.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

HUGO C. GARCIA, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.