[Cite as *State v. Glenn*, 2025-Ohio-3121.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,           : CASE NO. 24CA4082

    v.                             :

MICAH ERIN GLENN,                       : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Harry R. Reinhart, Columbus, Ohio, for appellant[1].

Brigham M. Anderson and Andrea M. Kratzenberg, Special Prosecuting
Attorneys, Ironton, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-26-25
ABELE, J.

{¶1}  This is an appeal from a Scioto County Common Pleas Court
judgment of conviction and sentence.  Micah Glenn, defendant below
and appellant herein, raises one assignment of error for review:

> "A WAIVER OF RIGHTS PURSUANT TO A PLEA OF
> GUILTY IS NOT VOLUNTARY, KNOWING, AND
> INTELLIGENT WITHIN THE MEANING OF THE STATE AND
> FEDERAL CONSTITUTIONS WHERE THE DEFENDANT IS
> TOLD THAT SHE WOULD BE ELIGIBLE TO APPLY FOR
> JUDICIAL RELEASE DURING A MANDATORY PRISON
> SENTENCE FOR ENGAGING IN A PATTERN OF CORRUPT
> ACTIVITY IN VIOLATION OF R.C. 2923.32(A)(1)."

_____

[1]  Different counsel represented appellant during the trial
court proceedings.

{¶2} A Scioto County Grand Jury returned a 305-count indictment that charged appellant with (1) 36 counts of drug trafficking in violation of R.C. 2925.03(A)(1), fifth-degree felonies, (2) 116 counts of aggravated drug trafficking in violation of R.C. 2925.03(A)(1), fourth-degree felonies, (3) 36 counts of deception to obtain dangerous drugs in violation of R.C. 2925.22(A), fifth-degree felonies, (4) 116 counts of deception to obtain dangerous drugs in violation of R.C. 2925.22(A), fourth-degree felonies, and (5) one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.31(A)(1), a second-degree felony. Appellant entered not guilty pleas.

{¶3} On April 23, 2024, the trial court held a combined plea and sentencing hearing and the court recited the parties' plea agreement. The court conducted a Crim.R. 11 colloquy and advised appellant of her rights and the effects of her decision to plead guilty. The court advised and reviewed with appellant the constitutional rights she waived with her plea, including (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require appellee to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. The

court also explained the mandatory nature of appellant's prison term, advised her of post-release control, and indicated, "[t]here's been an agreement between the parties about judicial release at two years assuming that there's no problems."

{¶4} Appellant entered a plea of guilty to: (1) Count 153, a fifth-degree felony count of deception to obtain a dangerous drug in violation of R.C. 2925.22(A), (2) Count 189, a fifth-degree felony count of deception to obtain a dangerous drug in violation of R.C. 2925.22(A), and (3) Count 305, a second-degree felony count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1).

{¶5} After accepting appellant's plea, the trial court sentenced appellant to (1) serve an 11-month prison term on Count 153, (2) serve a 17-month prison term on Count 189, (3) serve an indefinite 3-year minimum to 4 ½ year maximum prison term on Count 305, with 3 years being mandatory, (4) serve all counts concurrently to each other for a total sentence of 3 years to 4 ½ years, with 3 years being mandatory, (5) serve a mandatory 18-month to 3-year postrelease control term, and (6) pay costs. The court concluded the sentencing hearing by stating, "[m]y file is marked for judicial release at two years with no problems." This appeal

4

followed.

## I.

{¶6} In her sole assignment of error, appellant asserts that a waiver of rights pursuant to a guilty plea is not voluntary, knowing, and intelligent when a defendant is informed that she would be eligible to apply for judicial release during a mandatory prison sentence for engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). In particular, appellant identifies her judicial release eligibility as a material factor in her plea bargain, and contends that she would not have waived her right to jury trial but for this provision of the plea agreement.

### Standard of Review

{¶7} When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2). *State v. Prater*, 2019-Ohio-2745, ¶ 12 (4th Dist.), citing *State v. Graham*, 2018-Ohio-1277, ¶ 13 (4th Dist.). Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly

and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶8} "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Thus, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law if the appellate court concludes, by clear and convincing evidence, that the record does not support the sentence.

{¶9} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting

*State v. Engle*, 74 Ohio St.3d 525, 527 (1996); *accord State v. Montgomery*, 2016-Ohio-5487, ¶ 40; *State v. Barker*, 2011-Ohio-4130, ¶ 9. "It is the trial court's duty, therefore, to ensure that a defendant 'has a full understanding of what the plea connotes and of its consequence.' " *Montgomery* at ¶ 40, quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *State v. Conley*, 2019-Ohio-4172, ¶ 34 (4th Dist.).

**{¶10}** "To ensure the finality of a proper guilty plea, Crim.R. 11(C) provides a framework for informing a defendant of his or her constitutional rights." *State v. Ballard*, 66 Ohio St.2d 473, 479 (1981). Under Crim.R. 11(C)(2), in felony cases, "the court may refuse to accept a plea of guilty ... and shall not accept a plea of guilty ... without first addressing the defendant personally ... and doing all of the following:"

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is

waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c)

**{¶11}** The Supreme Court of Ohio has instructed that the underlying purpose of Crim.R. 11(C) is to convey certain information to allow the defendant to make a voluntary and intelligent decision whether to plead guilty. *Ballard* at 479-480; *State v. Woodworth*, 2024-Ohio-2756, ¶ 12 (6th Dist.).

**{¶12}** In the case at bar, appellant does not challenge the trial court's compliance with Crim.R. 11, but rather argues that the court incorrectly advised her that she is eligible for judicial release after two years. Consequently, appellant asserts that she did not enter a knowing, intelligent, and voluntary plea. In *State v. Engle*, *supra,* the Supreme Court of Ohio held that when a defendant enters and a court accepts a guilty plea with both acting on the erroneous understanding of the applicable law, the defendant does not enter the plea knowingly and intelligently. *Id.*, 74 Ohio St.3d at 527-28. Engle entered her plea based on the erroneous understanding that she could appeal the trial court's rulings that prevented her from submitting evidence regarding duress and

8

battered woman's syndrome. *Id.* at 528. Thus, the court concluded that Engle did not enter her plea knowingly or intelligently. *Id.*

{¶13} In a similar case, the judgment entry included the following language: "I understand that if I am sentenced to prison terms I am eligible for judicial release upon serving not less than 30 days nor more than 90 days, after entering a state correctional institution." The entry also stated that the court found that appellant "is eligible for judicial release." *State v. Bush,* 2002-Ohio-6146, ¶ 4 (3d Dist.). The trial court overruled Bush's R.C. 2929.20 judicial release motion, his pro se motion to modify the sentence from consecutive to concurrent prison terms, and his Crim.R. 32.1 motion to withdraw the guilty pleas. *Id.* at ¶ 6-7. On appeal, the Third District held that because Bush and the trial court acted on an erroneous assumption that Bush would be eligible to apply for judicial release, but applicable law at the time precluded it, Bush did not enter his guilty plea knowingly and intelligently, which created a manifest injustice that warranted withdrawal of his pleas. *Id.* at ¶ 11.

{¶14} In a similar case from the Third District, at the sentencing hearing, counsel requested that the court "grant a number of years, no more than five, so that he would at least be

eligible for judicial release after six months in jail." *State v. Cook,* 2002-Ohio-2846, ¶ 3 (3d Dist.). At the hearing, the trial court did not address whether Cook would be eligible for judicial release; however, the sentencing entry stated the sentence length and stated, "of which none has been ordered as a mandatory term." *Id.* at ¶ 4. The statute governing Cook's sentence, R.C. 2929.13(F)(5), required a mandatory term without possibility of judicial release. *Id.* at ¶ 12. Thus, the Third District concluded, "it appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether Cook was eligible for judicial release." The court determined that the fundamental error, corroborated by the record, constituted both a sufficient reason to void the plea and a manifest injustice under Crim.R. 32.1. *Id.*

{¶15} In *State v. Johnson*, 2009-Ohio-1871, (4th Dist.), the defendant initially pleaded not guilty, but later agreed to plead guilty to two possession counts in exchange for (1) dismissal of a trafficking charge, (2) imposition of a three-year prison term in one case and a four-year prison sentence in another case, to be served consecutively, and (3) judicial release eligibility after four years. *Id.* at ¶ 5. This court noted that the change-of-plea

hearing transcript revealed that as part of the agreement, the trial court informed Johnson that, "there [would] be no objection to a judicial release at the end of four years in the penitentiary," and that it "anticipated" that he would be given judicial release within that time frame. *Id.* at ¶ 12. The parties did not dispute that they based their assurances on a misinterpretation of Ohio law. *Id.* at ¶ 13.

**{¶16}** This court observed, however, that, "[g]enerally, if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it." *Id.* at ¶ 14, citing *State v. Hart*, 2005-Ohio-107, ¶ 12 (8th Dist.); *State v. Wintrow*, 2005-Ohio-3447, ¶ 21 (12th Dist.). We noted:

> there is no question that everyone involved in the case sub judice misunderstood the law. We also recognize that the complexity of the felony-sentencing statutes contributed greatly to this misunderstanding. Thus, as in any other contractual situation, no 'meeting of the minds' existed, and the appropriate recourse is to rescind the plea agreement.

*Id.* at ¶ 14. *Compare State v. Farley*, 2003-Ohio-7338, ¶ 22 (4th Dist.)(no abuse of discretion when the only mention of judicial release occurred after the trial court imposed sentence, when it noted that the state would not oppose judicial release at the end of appellant serving three years).

{¶17} In the case sub judice, at the change-of-plea hearing the trial court stated:

> THE COURT: Ms. Glenn today is going to enter a plea to count 305, Engaging in [a] pattern of corrupt activity. It's a felony of the 2nd degree.  The sentence in that case will be on that count with be a 3 to 4 ½ year sentence on the felony 2.  That will be a mandatory sentence. *There's been an agreement between the parties about judicial release at two years assuming that there's no problems.*  And what that means is I can't let an individual go to prison and start raising hell in the institution.  I can put up with some minor adjustment problems but I don't want fighting with guards and new crimes in the institution, okay?  The sentence uh, and then also plea to count 189, Deception to obtain a dangerous drug, a felony of the 4th degree, that'll be a 17-month sentence on that. Count 153, Deception to Obtain a Dangerous Drug, that is a felony 5, it will be an 11-month sentence, however, they'll all be run concurrent for a total intended sentence of 3 to 4 ½.  We need to make sure that language is in there that the mandatory time is served first, Kari.  (Emphasis added.)

Later, the court stated:

> THE COURT:  Alright.  Ms. Glenn, you're entering a plea today to a felony 2.  That carries a mandatory sentence. A felony 4 and a felony 5.  On the felony 2, the maximum prison term would be a sentence of 8 years mandatory to 12 years under Ohio's Indefinite Sentencing Law.  Do you have any questions about Ohio's Indefinite Sentencing Law? You've been explained that?  And it's going to be based upon your behavior in the institution, okay?
>
> DEFENDANT GLENN: Yes.
>
> THE COURT: On the felony of the 4th degree, the maximum prison sentence is 18 months.  On the felony 5, it is 12 months.  In addition, I can impose Court costs, order

restitution or impose other financial sanctions which are probation fees.  Do you have any questions so far? . . .

DEFENDANT GLENN: No.

**{¶18}** The trial court then explained post-release control and consequences of violating it, and the concept of community control.

THE COURT: Ms. Glenn, your maximum sentence would be uh, 10 ½ to 14 ½ years.  However, we're limiting it here to a sentence of 3-4 ½ years.  Do you understand that?

DEFENDANT GLENN: Yes.

**{¶19}** The trial court reviewed the rights appellant waived with her plea, asked if she was satisfied with her representation, and proceeded to sentencing.  Counsel stated:

MR. STRATTON: Your Honor, I just ask that you follow the joint recommendation of 3 to 4 ½ years running the F4 and F5 concurrent, uh, *there's an agreement note that in your record in [sic.] agreement for judicial release at two years* as long as there's no problems and 60 days stay of execution.  (Emphasis added.)

When the trial court imposed sentence, the court stated:

THE COURT: Micah Glenn 23-CR-666(D) it's going to be the sentence of this Court as to count 305, a Felony of the 2nd degree, that you be sentenced to 3 to 4 ½ years in the custody of the Ohio Department of Rehabilitation and Correction.  That three-year sentence is a mandatory sentence.  I'm going to assess no fine.  On count 189, I'm going to sentence you to 17 months in prison.  Count 5, I'm going to sentence you to 11 months in prison.  I'm going to order all these counts run concurrent to each

other for a total intended sentence of 3 to 4 ½ years. *My file is marked for judicial release at two years with no problems*. (Emphasis added.)

**{¶20}** Although the sentencing entry does not address judicial release, both counsel and the trial court mentioned it multiple times at the combined plea/sentencing hearing as noted above. Appellee, however, contends that the trial court may still grant judicial release pursuant to R.C. 2929.20(J). We disagree.

**{¶21}** In *State v. Platt,* 2024-Ohio-1331, (4th Dist.), this court held:

> Pursuant to R.C. 2929.20 a court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense under Chapter 2925 or 3719 of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court makes certain findings. *See* R.C. Section 2929.20(J)(1).

*Id.* at ¶ 7. However, as appellant points out, R.C. 2929.20(J) requires the judicial release applicant to be an "eligible offender," and appellant is not an eligible offender for two reasons. First, R.C. 2929.20(A)(1)(a) defines eligible offender:

> Except as provided in division (A)(1)(b) of this section, "eligible offender" means any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms.

R.C. 2929.20(A)(4) defines nonmandatory prison term, " 'Nonmandatory prison term' means a prison term that is not a mandatory prison term." As appellant points out, the trial court sentenced her to serve a three-to-four-and-a-half-year sentence, with three years being a mandatory prison term. Thus, appellant is ineligible for judicial release during the three-year mandatory prison term, despite counsel and the trial court informing her that she is eligible for judicial release after two years.

{¶22} Second, appellant is ineligible for judicial release after two years because she is serving a disqualifying prison term. R.C. 2929.20(A)(1) defines "disqualifying prison term," as: "(A) As used in this section: (10) "Disqualifying prison term" means any of the following: (f) a prison term imposed for *engaging in a pattern of corrupt activity in violation of section 2923.32 of the Revised Code"* (Emphasis added.). Because appellant is serving a 3-year mandatory prison term for violating R.C. 2923.32(A)(1), engaging in a pattern of corrupt activity, she is not an "eligible offender" under R.C. 2929.20(A)(1).

{¶23} As appellant highlights, counsel and the trial court did not promise appellant that she *would* be granted judicial release, but they informed her that she *could* be released after two years.

15

Pursuant to *Johnson, supra,* 2009-Ohio-1871, at ¶ 17, we believe that this incorrect statement of the law ostensibly induced appellant to enter a guilty plea in exchange for the promise that she would be eligible for judicial release after serving two years of her sentence, which is earlier than what the law allows. Thus, we do not believe that this misunderstanding can form the basis of a valid plea agreement. *See Johnson* at ¶ 17.

**{¶24}** Accordingly, based upon the foregoing reasons, we sustain appellant's assignment of error, reverse the trial court's judgment, vacate the plea agreement, and remand the cause for further proceedings.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

16
JUDGMENT ENTRY

It is ordered that the judgment be reversed and the matter be remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a

final judgment entry and the time period for further appeal commences from the date of filing with the clerk.