[Cite as *State v. Bryant*, 2012-Ohio-3189.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA19 |
| | : | |
| vs. | : | **Released: July 5, 2012** |
| | : | |
| LEWIS G. BRYANT, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Colleen S. Williams, Meigs County Prosecutor, and Amanda Bizub-Franzmann, Assistant County Prosecutor, Pomeroy, Ohio, for Appellee.
_____

McFarland, J.:

**{¶1}** Appellant, Lewis Bryant, appeals his conviction and sentence entered in the Meigs County Court of Common Pleas after he pled guilty to two felony counts of trafficking in crack cocaine. On appeal, Appellant contends that 1) the trial court imposed sentences that are both contrary to law and not authorized by law when it ordered that his sentences for violations of R.C. 2925.03 were partially mandatory, and that he would be eligible for judicial release after serving the mandatory portion of those

sentences; and 2) that his guilty plea was not knowing, intelligent, and voluntary.

{¶2} In light of our conclusion under Appellant's second assignment of error that the misrepresentation of Appellant's eligibility for judicial release rendered the plea unknowing and unintelligent, and therefore unenforceable, Appellant's second assignment of error is sustained. Accordingly, we reverse the judgment of the trial court, vacate the Appellant's plea, and remand the cause for further proceedings. Further, as our decision to sustain Appellant's second assignment of error is dispositive of Appellant's appeal, Appellant's first assignment of error has been rendered moot and we do not address it.

## FACTS

{¶3} On November 4, 2010, Appellant pled guilty to one count of trafficking in crack cocaine, in violation of R.C. 2925.03, a felony of the second degree, and one count of trafficking in crack cocaine, in violation of R.C. 2925.03, a felony of the third degree. As part of his plea agreement, Appellant was advised by both his counsel as well as the State that the recommended sentence would be six years for the second degree felony and four years for the third degree felony, to be served consecutively. During the plea hearing there was extensive discussion between counsel, the State

and the trial court regarding the way in which Appellant's sentence would be structured. Ultimately, it was agreed by all that Appellant would be sentenced to a combined term of ten years, five of which would be mandatory, and that Appellant would be eligible to apply for judicial release after serving the five mandatory years.[1] A review of the transcript reveals that Appellant agreed to enter guilty pleas with the understanding he would be eligible for judicial release after five years.

{¶4} Appellant was sentenced the same day he entered his pleas, on November 4, 2010, and a sentencing entry was filed on March 7, 2011. It is from this sentencing entry that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT IMPOSED SENTENCES THAT ARE BOTH CONTRARY TO LAW AND NOT AUTHORIZED BY LAW WHEN IT ORDERED THAT LEWIS BRYANT'S SENTENCES FOR VIOLATIONS OF R.C. 2925.03 WERE PARTIALLY MANDATORY, AND THAT MR. BRYANT WOULD BE ELIGIBLE FOR JUDICIAL RELEASE AFTER SERVING THE MANDATORY PORTION OF THOSE SENTENCES.

II.     LEWIS BRYANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY."

---

[1] Specifically, Appellant was sentenced to six years on the second degree felony, with a provision that three of the years would be mandatory, and he was sentenced to four years on the third degree felony, with the provision that two of the years would be mandatory. Apparently it was the intention that the mandatory portions of each sentence were to be served first and consecutively to one another, in order that Appellant could apply for judicial release after five years, although this was not expressly set forth in the transcript.

ASSIGNMENT OF ERROR II

{¶5} As Appellant's second assignment of error is dispositive of Appellant's appeal, we address it first, out of order. In his second assignment of error, Appellant contends that there was a mutual mistake regarding Appellant's eligibility for judicial release, resulting in Appellant's pleas not being knowing, intelligent or voluntary, and ultimately rendering Appellant's pleas void. The State candidly concedes that Appellant's pleas are invalid due to the "improper explanation of judicial release." Based upon the following, we agree and therefore sustain Appellant's second assignment of error.

{¶6} A plea of guilty or no contest in a criminal case "must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450 (1996) ( Internal citations omitted). Crim.R. 11(C)(2) provides that "felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51 (2004), ¶ 6. The failure to adequately inform a defendant of his

constitutional rights invalidates a guilty plea "under a presumption that it was entered involuntarily and unknowingly." Id. at ¶ 12.

{¶7} However, the failure to accurately explain nonconstitutional rights is reviewed under the substantial compliance standard. Id. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) (Internal citation omitted). Under Crim.R. 11(C)(2), a trial court is not required to advise a defendant regarding eligibility for judicial release. See *State v. Sherman*, 5th Dist. No. 2009-CA-132, 2010-Ohio-3959, (Aug. 19, 2010), ¶ 17; *State v. Smith*, 5th Dist. No. CT2007-0073, 2008-Ohio-3306, (June 30, 2008), ¶ 17. Therefore, the failure to include such information in the court's colloquy does not violate a defendant's Crim.R. 11 rights.

{¶8} Nevertheless, an "incorrect recitation of the law fails to meet the substantial-compliance standard. If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, (July 31, 2008), ¶ 39. See, also, *State v. Sherman*, supra, ¶ 41 (although trial court is not obligated to discuss a defendant's eligibility for judicial release during a plea colloquy, such

information, if conveyed, must be accurate). When a defendant's guilty plea is induced by erroneous representations as to the applicable law, including eligibility for judicial release, the plea is not knowingly, intelligently, and voluntarily made. *Sherman*, supra, at ¶ 38-41; *State v. Mitchell*, 11th Dist. No. 2004-T-0139, 2006-Ohio-618, (Feb. 10, 2006), ¶ 15. See, also, *Engle*, supra, at 528 (allowing withdrawal of no-contest plea that was predicated on inaccurate representations as to defendant's right to appeal the trial court's ruling on a motion in limine).

{¶9} However, in addition to the demonstration that the court has not substantially complied with the requirements of Crim.R. 11(C)(2), "there must be some showing of prejudicial effect before a guilty plea may be vacated." *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). The test for determining prejudice is whether the plea would otherwise have been made. *Nero*, supra, at 108, citing *Stewart*, supra, at 93, and Crim.R. 52(A). Thus, in cases involving misstatements as to judicial release, an appellant "must demonstrate * * * that but for the misrepresentation regarding judicial release, he would not have entered the plea." *Mitchell*, supra, at ¶ 15.

{¶10} Here, Appellant pled guilty to two counts of felony trafficking in crack cocaine.  Count one was a second degree felony, in violation of

former R.C. 2925.03(C)(4)(e)[2], which required the trial court to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." Count two was a third degree felony, in violation of former R.C. 2925.03(C)(4)(d), which also required that the court impose as a mandatory prison term, "one of the prison terms prescribed for a felony of the third degree." Thus, both of the offenses to which Appellant pleaded guilty required mandatory prison terms. As such, the trial court sentenced Appellant to a six year mandatory term of imprisonment for the second degree felony and a four year mandatory term of imprisonment for the third degree felony, which as will be more fully explained infra, were both within the permissible sentencing range. However, despite R.C. 2925.03's directive that the trial court impose mandatory sentences within the permissible ranges, the trial court inexplicably decided to make only five years of Appellant's total ten year sentence mandatory, and informed Appellant that he would be eligible to apply for judicial release in five years. The parties and the court stipulated to this structuring of Appellant's sentences and agreed that Appellant would be eligible to apply for judicial release after serving five years.

---

[2] We apply a former version of R.C. 2925.03, which had an effective date of September 30, 2008.

{¶11} Former R.C. 2929.01, which sets forth definitions, provides in section (X)[3] as follows:

"Mandatory prison term" means any of the following:

(1) Subject to division (X)(2)[4] of this section, the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (14) of section 2929.13 and division (D) of section 2929.14 of the Revised Code. Except as provided in sections 2925.02, 2925.03, 2925.04, 2925.05, and 2925.11 of the Revised Code, unless the maximum or another specific term is required under section 2929.14 or 2929.142 of the Revised Code, a mandatory prison term described in this division may be any prison term authorized for the level of offense.

The pertinent provision of R.C. 2929.13[5], as referenced in R.C. 2929.01(X) above, provides as follows:

(F)  Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14[6], section 2929.142, or

---

[3] We apply a former version of R.C. 2929.01, which had an effective date of April 7, 2009.
[4] (X)(2) is inapplicable as it only applies to certain third or fourth degree felony OVI offenses.
[5] Again, we apply a prior version of R.C. 2929.13, with an effective date of April 7, 2009.
[6] R.C. 2929.14 is the only pertinent provision to the matter herein.

section 2971.03 of the Revised Code and except as specifically

provided in section 2929.20 or 2967.191 of the Revised Code

or when parole is authorized for the offense under section

2967.13 of the Revised Code *shall not reduce the term or terms*

*pursuant to section 2929.20, section 2967.193, or any other*

*provision of Chapter 2967, or Chapter 5120. of the Revised*

*Code for any of the following offenses:*

* * *

(5) A first, *second, or third degree felony drug offense for*

*which section * * * 2925.03 * * * of the Revised Code, * * ***

*requires the imposition of a mandatory prison term*[.]

(Emphasis added).

**{¶12}** Former R.C. 2929.14[7] provides in section (A)(2) that "[f]or a

felony of the second degree, the prison term shall be two, three, four, five,

six, seven, or eight years."  It further provides in (A)(3) that "[f]or a felony

of the third degree, the prison term shall be one, two, three, for, or five

years."  Finally, R.C. 2929.20 governs judicial release.  The version of the

statute that was in effect at the time Appellant committed his offense had an

effective date of April 7, 2009, and provided as follows:

---

[7] We apply a former version of R.C. 2929.14, which has an effective date of April 7, 2009.

(A)  As used in this section, "eligible offender" means any person serving a stated prison term of ten years or less when either of the following applies:

(1)  The stated prison term does not include a mandatory prison term.

(2)  The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term.

Former R.C. 2929.20 further provides as follows:

(C)(3)  If the stated prison term is five years or more but not more than ten years, the eligible offender may file the motion not earlier than five years after the eligible offender is delivered to a state correctional institution or, *if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms.*  (Emphasis added).

Thus, under this version of the statute, because Appellant was sentenced to a six year mandatory term of imprisonment, as well as a four year mandatory term of imprisonment, he does not meet the definition of an eligible offender.  Even characterizing Appellant's sentences as the parties stiplulated during the plea hearing, as five years of mandatory time, with an

additional five years, under R.C. 2929.20(C)(3), Appellant would not be eligible to apply for judicial release until five years after he completed his five years of mandatory sentences, which would be ten years. Clearly this is five years later than what was represented to him by his counsel, the State, and the trial court during his plea hearing.

{¶13} We note however, that R.C. 2929.20 was revised after Appellant was sentenced. While the current version of R.C. 2929.20 has an effective date of September 30, 2011, it purports to apply retroactively. Specifically, the current version of R.C. 2929.20 provides as follows:

(A)  As used in this section:

(1)(a)  Except as provided in division (A)(1)(b) of this section, "eligible offender" means any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms.

The current statute further provides in section (C)(3) as follows:

If the aggregated nonmandatory prison term or terms is five years, the eligible offender may file the motion not earlier than four years after the eligible offender is delivered to a state correctional institution or, *if the prison term includes a mandatory prison term or terms, not earlier than four years*

*after the expiration of all mandatory prison terms*.  (Emphasis

added).

We recognize that the trial court could not have applied the current version

of the judicial release statute, which was not even effective at the time

Appellant was sentenced.  However, even characterizing Appellant's

sentences as stipulated in the plea agreement, as five years mandatory and

five years nonmandatory, Appellant would not have been eligible for judicial

release for nine years, which is four years longer than what was represented

to him during his plea negotiations.

{¶14} In *State v. Johnson*, 182 Ohio App.3d 628, 2009-Ohio-1871,

914 N.E.2d 429 (4th Dist. 2009), ¶ 16, we concluded that we could "not

allow a plea agreement to stand when it was obtained on the basis of a

misrepresentation to the accused that he would be released from prison

earlier than what the law permits."  In reaching this conclusion, we

determined that such a misunderstanding could not "form the basis of a valid

plea agreement."  Id. at ¶ 17.  As a result, we reversed Johnson's conviction

and sentence, vacated the plea agreement and remanded the matter.  Id.

{¶15} This Court was faced with a similar fact pattern in *State v.

Persons*, 4th Dist. No. 02CA6, 2003-Ohio-4213, (Aug. 1, 2003).  Much like

the facts sub judice, Persons was incorrectly advised as to his eligibility for

judicial release by his counsel, the State and the trial court. Id. at ¶ 10. In that case, we noted as follows:

> When an erroneous understanding of the applicable law induces a defendant's guilty plea, the plea generally is not entered knowingly and intelligently. See *State v. Engle* (1996), 74 Ohio St.3d 525, 527-28, 660 N.E.2d 450; *State v. Cook*, Putnam App. No. 12-01-15, 2002-Ohio-2846; *State v. Bush*, Union App. No. 14-2000-44, 2002-Ohio-6146. Id. at ¶ 12.

In *Persons*, we ultimately concluded that "[b]ecause appellant was misinformed as to a material term of the plea agreement," he "did not enter his guilty pleas knowingly or intelligently," Id. at ¶ 16. As a result, we held Person's guilty pleas were void. Id.

{¶16} We conclude that the facts sub judice require the same result as *Johnson* and *Persons*. All parties involved herein were misinformed as to Appellant's eligibility for judicial release, which hardly constitutes substantial compliance with Crim.R. 11. Further, we conclude that Appellant suffered prejudice as a result when he was induced to enter into pleas of guilt on two felony charges with the understanding that 1) only five years of his combined sentences were mandatory; 2) he was an eligible offender for judicial release; and 3) he would be eligible to apply for judicial

release after serving five years of his ten year sentence.  Clearly this was not an accurate understanding on Appellant's part.

{¶17} In light of the foregoing, we cannot conclude that Appellant's pleas were entered into knowingly or intelligently and as such, Appellant's guilty pleas are void.  Accordingly, Appellant's second assignment of error is sustained, the decision of the trial court is reversed, Appellant's guilty pleas are vacated, and this matter is remanded to the trial court for further proceedings.

## ASSIGNMENT OF ERROR I

{¶18} In his first assignment of error, Appellant contends that the trial court imposed sentences that are both contrary to law and not authorized by law when it ordered that his sentences for violation of R.C. 2925.03 were partially mandatory, and he would be eligible for judicial release after serving the mandatory portion of those sentences.  In light of our disposition of Appellant's second assignment of error, which reversed the decision of the trial court and vacated Appellant's guilty pleas, this assignment of error has been rendered moot.  As such, we decline to address it.  See App.R. 12(A)(1)(c).

**JUDGMENT VACATED AND REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE VACATED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**