Kennedy, J.,
concurring in judgment only.
{¶ 25} Respectfully, I concur in the majority’s judgment but not fully in its reasoning. I agree with the majority that it is unnecessary in resolving this case to address whether R.C. 2152.18(B) is unconstitutional as applied to appellant, D.S. I disagree, however, with the majority’s decision to resolve the issue of statutory interpretation that D.S. raises — whether R.C. 2152.18(B) requires a juvenile court to credit all days a juvenile has been held in confinement pending *399 disposition of a delinquency charge. The juvenile court could not have reasonably determined in light of the totality of the circumstances that D.S.’s admission to the allegations made in the complaint was entered knowingly, intelligently, and voluntarily. Therefore, I would vacate the admission in order to prevent a manifest injustice, reverse the court of appeals’ judgment (albeit on different grounds from those of the majority), and remand the matter to the juvenile court for further proceedings. See State v. Cooperrider, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983) (courts apply the plain-error doctrine to prevent a manifest injustice).
{¶ 26} Delinquency proceedings in juvenile court follow what is essentially a two-step procedure. See In re M.P.R., 12th Dist. Butler No. CA2014-10-209, 2015-Ohio-3102, 2015 WL 4610989, ¶ 14. After complying with certain requirements, such as “[a]scertain[ing] whether notice requirements have been complied with,” Juv.R. 29(B), the court “shall request” the juvenile to admit or deny the allegations made in the complaint pursuant to Juv.R. 29(C). If the allegations of a juvenile’s delinquency are proved or admitted, the court can impose a disposition immediately or it can schedule the disposition for a later date. Juv.R. 29(F)(2)(a) and (b); In re M.P.R. at ¶ 14.
{¶ 27} The failure to raise an issue on appeal usually constitutes waiver and precludes review of that issue under the principle of res judicata. State v. Broom, 40 Ohio St.3d 277, 281, 533 N.E.2d 682 (1988). “[Y]et we must also retain power to sua sponte consider particular errors under exceptional circumstances * * * under our plain error standard of analysis.” State v. Greer, 39 Ohio St.3d 236, 244, 530 N.E.2d 382 (1988), citing State v. Rogers, 32 Ohio St.3d 70, 512 N.E.2d 581 (1987), and State v. Zuern, 32 Ohio St.3d 56, 512 N.E.2d 585 (1987).
{¶ 28} Appellate courts differ on whether the criminal or civil plain-error standard applies in a juvenile-delinquency case. See, e.g., In re Good, 118 Ohio App.3d 371, 378, 692 N.E.2d 1072 (12th Dist.1997) (applying the criminal plain-error standard); In re Etter, 134 Ohio App.3d 484, 492-493, 731 N.E.2d 694 (1st Dist.1998) (applying the civil plain-error standard). While this court has not specifically addressed which standard applies, we have recognized that “the characterization of delinquency proceedings as civil is one of limited applicability” because “ ‘there are criminal aspects to juvenile court proceedings.’ ” In re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, ¶ 21, quoting In re Anderson, 92 Ohio St.3d 63, 66, 748 N.E.2d 67 (2001). Because an admission in a juvenile-delinquency proceeding under Juv.R. 29 “is analogous to a guilty plea made by an adult,” In re Hall, 9th Dist. Summit No. 20658, 2002-Ohio-1107, 2002 WL 388905, *1, I agree with those appellate districts that have held that the criminal plain-error standard applies in a juvenile-delinquency case.
*400 {¶ 29} Under the adult-criminal plain-error standard, “we have [the] power to recognize ‘[p]lain errors or defects [affecting] substantial rights * * * although they were not brought to the attention of the court.’ ” State v. Campbell, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994), quoting Crim.R. 52(B). An alleged error is not a plain error unless the error clearly changed the outcome of the case. Id., citing State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.
{¶ 30} Like an adult’s guilty plea to a criminal offense, an admission by a juvenile must be knowing, intelligent, and voluntary. See In re C.S., 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 111-112.
[A] plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea.
Id. at ¶ 113.
{¶ 31} Plea agreements are frequently used to resolve juvenile cases. See, e.g., In re Wood, 9th Dist. Medina No. 04CA0005-M, 2004-Ohio-6539, 2004 WL 2808913; In re K.S.J., 2d Dist. Montgomery No. 24387, 2011-Ohio-2064, 2011 WL 1642386; In re Argo, 5th Dist. Muskingum No. CT2003-055, 2004-Ohio-4938, 2004 WL 2260701. They are contractual in nature and subject to interpretation and enforcement under general contract-law principles. State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50, citing United States v. Wells, 211 F.3d 988, 995 (6th Cir.2000). For a plea to exist, there must be a “meeting of the minds” between the state and the offender as to the terms of the agreement. E.g., State v. Smith, 2d Dist. Greene No. 2009-CA-81, 2010-Ohio-6229, 2010 WL 5276934, ¶ 45. “ ‘Generally * * * a plea agreement between the [s]tate and the defense is not binding on the court, as the ultimate decision of whether or not the agreement is accepted rests with the trial judge.’ ” State v. Liskany, 196 Ohio App.3d 609, 2011-Ohio-4456, 964 N.E.2d 1073, ¶ 190 (2d Dist.), quoting State v. Burks, 10th Dist. Franklin No. 04AP-531, 2005-Ohio-1262, 2005 WL 647564, ¶ 18.
(¶ 32} However, “[w]hen a defendant’s guilty plea is induced by erroneous representations as to the applicable law, * * * the plea is not knowingly, intelligently, and voluntarily made.” State v. Bryant, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, 2012 WL 2870640, ¶ 8, citing State v. Sherman, 5th Dist. Richland No. 2009-CA-132, 2010-Ohio-3959, ¶ 38—41, and State v. Mitchell, 11th Dist. Trumbull No. 2004-T-0139, 2006-Ohio-618, 2006 WL 319356, ¶ 15. “Gener *401 ally, if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it.” State v. Johnson, 182 Ohio App.3d 628, 2009-Ohio-1871, 914 N.E.2d 429, ¶ 14 (4th Dist.), citing State v. Hart, 8th Dist. Cuyahoga No. 84531, 2005-Ohio-107, 2005 WL 77054, ¶ 12, State v. Wintrow, 12th Dist. Preble No. CA2003-10-021, 2005-Ohio-3447, 2005 WL 1545792, ¶ 21, and State v. Ulrey, 8th Dist. Cuyahoga No. 71705, 1998 WL 213085 (Apr. 30, 1998). Moreover, if an offender entered a plea agreement that was predicated on a mutual mistake of law by the offender and the state, the plea agreement must be vacated. See Wintrow at ¶ 15-21.
{¶ 33} I agree with the facts as presented in the majority opinion and would emphasize the exchange among the assistant prosecutor, defense counsel, D.S., and D.S.’s mother during the dispositional phase of the hearing after the juvenile judge had indicated that there would be zero credit for precommitment days. After the juvenile court accepted D.S.’s admission and adjudicated him delinquent, the court proceeded directly to disposition. As soon as the court concluded the disposition by denying D.S. credit for time served, D.S.’s attorney said, “[W]e understood you have to give credit for time served.” (Emphasis added.) Both D.S. and his mother also protested the court’s failure to give D.S. credit for time served. Specifically, D.S.’s mother responded: “That was the deal.” And the assistant prosecutor said that “it was understood by the parties that [D.S.] would be committed for a holistic two-year sentence and that he would get the credit for the time that he’s been in.” (Emphasis added.)
{¶ 34} However, the continued protests by both attorneys, D.S., and his mother went unheeded by the juvenile judge, who insisted that no credit for time served was due. Consequently, D.S.’s attorney advised:
We’re going to move right now to vacate the plea. Because of the understanding — -it was my understanding, I advised my client that he would get credit for time served because it’s the same case, okay? So now the whole deal falls apart unless you are willing to give the credit for time served that he’s been serving on this particular matter, okay?
{¶ 35} A review of the transcript of the dispositional phase outlined in the majority opinion demonstrates that the juvenile court never directly addressed D.S.’s motion to withdraw the admission on the grounds that the agreement was predicated on the parties’ mistaken understanding that D.S. was entitled to credit for all time served because this was a reindictment of a prior juvenile case. By implication, however, the juvenile court denied the motion.
{¶ 36} In reviewing the transcript for the “totality of the circumstances” underlying D.S.’s admission, there are several notable takeaways. First, it is *402 clear from the discussion about the prior off-the-record record sidebar conference that the assistant prosecutor, defense counsel, and juvenile court all discussed that the pending delinquency robbery charge stemmed from a reindictment of a prior juvenile case. Second, it is also clear that it was the understanding of the assistant prosecutor and defense counsel that because this was a reindicted case, under Ohio law the juvenile court had to give D.S. credit for all the time previously served. Third, the lawyers’ belief that Ohio law entitled D.S. to receive credit for all the time previously served was a material term of the bargain between the assistant prosecutor and defense counsel.
{¶ 37} Therefore,' D.S.’s decision to admit to the allegations made in the complaint was predicated on the representation of both his attorney and the assistant prosecutor that the law required the juvenile court to give him credit for all the time previously served. In D.S.’s mind, the holistic two-year commitment to the Ohio Department of Youth Services (“ODYS”) that he agreed to in exchange for his admission included credit for the time served in the prior case that was dismissed and then refiled.
{¶ 38} However, the juvenile court did not share the lawyers’ understanding of what a reindictment meant (and what they had told D.S. a reindictment meant) under Ohio law. The attorneys believed that because this was a reindictment of the same charge, D.S. was due credit for the time that he had served in the prior case. That was what D.S. was led to believe as well. In contrast, the juvenile judge understood that this was a reindictment, but under the law, with regard to credit for time served, she found that “[this case] was an amended complaint that was transferred” from the general division of the court of common pleas. It was a “new charge.”
{¶ 39} At the time D.S. moved to withdraw his admission, there was a mutual mistake of law regarding his entitlement to credit for all time served in the prior case — -a mistake that was material to the plea agreement. Because D.S. believed that the two-year ODYS commitment was “holistic” and would include credit for time served, his admission was not knowing, voluntary, and intelligent. See Bryant, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, 2012 WL 2870640, at ¶ 14 (a misunderstanding cannot “ ‘form the basis of a valid plea agreement’ ”), quoting Johnson, 182 Ohio App.3d 628, 2009-Ohio-1871, 914 N.E.2d 429, at ¶ 17.
{¶ 40} Courts apply the plain-error doctrine to prevent a manifest injustice. See Cooperrider, 4 Ohio St.3d at 227, 448 N.E.2d 452. Because the juvenile court could not have reasonably determined in light of the totality of the circumstances that D.S.’s admission to the allegations made in the complaint was entered knowingly, intelligently, and voluntarily, I would vacate the admission in order to prevent a manifest injustice, reverse the judgment of the court of appeals (albeit *403 on different grounds from those of the majority) and remand the matter to the juvenile court for further proceedings.
Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant Public Defender, for appellant.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, for appellee, the state of Ohio.