[Cite as *State v. Girts*, 2014-Ohio-5545.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101075**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT GIRTS**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-93-293317-A

**BEFORE:**  E.A. Gallagher, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Margaret A. Troia
        Anna M. Faraglia
        Katherine Mullin
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Robert Girts appeals from his sentence imposed in the Cuyahoga County Common Pleas Court. Girts originally argued that the trial court committed plain error in imposing an indefinite sentence, that his plea was not knowingly, intelligently and voluntarily given, and that his trial counsel rendered ineffective assistance.

{¶2} After oral arguments, however, appellant informed this court of his withdrawal of his second and third assignments of error leaving us with only the plain error argument as to the sentence that was imposed. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶3} On February 9, 1993, the Cuyahoga County Grand Jury indicted Girts for the murder of his wife, Diane Girts, whose death occurred in September 1992. The case proceeded to trial and the jury convicted Girts on the indicted charge of aggravated murder. The trial court sentenced Girts to a term of imprisonment of 20 years to life. This court reversed the conviction and remanded for a new trial. *State v. Girts*, 8th Dist. Cuyahoga No. 65750, 1994 Ohio App. LEXIS 3318 (June 28, 1994).

{¶4} On remand, the case proceeded to trial and, again, a jury convicted Girts on the charge of aggravated murder. Girts appealed his conviction and this court affirmed. *State v. Girts*, 121 Ohio App.3d 539, 700 N.E.2d 395 (8th Dist.1997). The Ohio Supreme Court did not allow Girts' discretionary appeal. *State v. Girts*, 80 Ohio St.3d 1424, 685 N.E.2d 237.

{¶5} Girts filed a petition for a writ of habeas corpus in the U.S. District Court for the Northern District of Ohio pursuant to 28 U.S.C. 2254. Girts argued that his conviction for aggravated murder violated his Fifth and Sixth Amendment rights because the prosecution improperly commented on his right to remain silent during closing argument. *Girts v. Yanai*,

N.D. Ohio No. 1: 02-CV-00264, 2005 U.S. Dist. LEXIS 45611, *1 (July 12, 2005). The district court denied the petition and Girts appealed. *Id.* The Sixth Circuit reversed the denial, conditionally granted the writ of habeas corpus petition and remanded the case to the district court with instructions to order the inmate's release from custody unless the state of Ohio granted the inmate a new trial within 180 days. *Girts v. Yanai*, 501 F.3d 743 (6th Cir. 2007).

{¶6} The state failed to comply with the conditional writ and failed to take any steps towards ensuring compliance. Rather, the state contacted the District Court for the Northern District of Ohio to seek clarification regarding the scope of the court's writ. In *Girts v. Yanai*, N.D. Ohio No. 02-CV-00264, 2008 U.S. Dist. LEXIS 108844 (Nov. 5, 2008), the District Court stated that "this court has determined that the interests of law and justice DO NOT BAR the retrial of Mr. Girts, but BAR the state from detaining Mr. Girts unless and until such time as the state can secure a constitutional conviction against him." (Emphasis sic.) This district court decision was affirmed in *Girts v. Yanai*, 600 F.3d 576 (6th Cir.2010) and Girts was released pending retrial.

{¶7} Prior to the commencement of the third trial for this crime, Girts entered into a written plea agreement with the state on January 31, 2014. Girts pleaded guilty to the reduced charge of involuntary manslaughter, in violation of R.C. 2903.04(A) and insurance fraud, in violation of R.C. 2913.47(B)(1). In exchange, Girts agreed to serve a pre-S.B. 2 sentence. Under the sentencing structure in place prior to S.B. 2, a sentence on the charge of involuntary manslaughter ranged from 5 to 25 years and a sentence for insurance fraud ranged from one to five years. Accordingly, the trial court sentenced him to 5 to 25 years on Count 1 to run consecutive with one year to five years on Count 2. The trial court allowed Girts 15 years, 10 months and 34 days of jail-time credit. This appeal followed.

**{¶8}** We first address the trial court's journal entry that reflects Girts' waiver of his right to appeal to this court. Specifically, in its entry dated February 11, 2014, the trial court stated:

> In addition, defendant knowingly, voluntarily, and with a full understanding of his rights waives his appellate rights as set forth in the attached plea agreement, except that defendant may appeal any allegation of prosecutorial misconduct or ineffective assistance.

**{¶9}** We take issue with this limitation on Girts' appellate rights. A defendant's right to appeal a sentence is based on the specific grounds outlined in R.C. 2953.08(A). A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case and is imposed by a sentencing judge.

> In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

*State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

**{¶10}** Girts' argument, whether ultimately successful or not, is premised on his claim that his sentence is contrary to law. As such, it cannot be waived.

**{¶11}** In his first assigned error, Girts argues that the trial court committed plain error in sentencing him to an indefinite term of imprisonment. We agree that the trial court erred in sentencing Girts to an indefinite sentence but disagree that we need to find plain error to review this issue on appeal.

**{¶12}** In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court held that "sentences that do not comport with mandatory provisions are subject to total resentencing." *Id*. at ¶ 20, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Unauthorized sentences are illegal and void ab initio.

*State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).   Therefore, we need not find

plain error to vacate an illegal sentence.

{¶13} Uncodified Section 4 of H.B. 86 states, in relevant part:

**SECTION 4.** The amendments to sections * * * 2913.47, * * * division (B) of section 2929.13, and division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified ***or penalized*** under those sections on or after the effective date of this section ***and*** to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

{¶14} Division (A) of R.C. 2929.14, which governs prison terms, states in relevant part:

[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.

{¶15} Girts was charged with aggravated murder with prior calculation and design.   He

pleaded guilty to involuntary manslaughter, in violation of R.C. 2903.04(A), and insurance fraud,

in violation of R.C. 2913.47.   Involuntary manslaughter in violation of R.C. 2903.04(A) is a

first-degree felony.   R.C. 2903.04(C).   Pursuant to R.C. 2929.14(A), as amended by H.B. 86,

the trial court was required to impose a definite prison term that "shall be three, four, five, six,

seven, eight, nine, ten, or eleven years."   Section 4 of H.B. 86 specifically states that the basic

prison terms outlined in R.C. 2929.14(A), as amended by the act, apply to a person who is

penalized under that section.

{¶16} Section 4 of H.B. 86 states that it also applies to specific offenses listed in that

section.   Insurance fraud is one of many offenses specified in Section 4.   From the plain

language of Section 4, it is clear the General Assembly intended that these specific crimes shall

be sentenced under the H.B. 86 sentencing provisions.

{¶17} Furthermore, in contrast to Section 5 of S.B. 2 that expressly excluded application of R.C. 1.58(B) from its provisions, Section 4 of H.B. 86 states that the amendments made in the act apply not only to specific offenses listed therein, or to penalties imposed under specific sentencing provisions, but also to "a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58 states:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

These provisions are consistent with the legislature's intent in enacting H.B. 86. In *State v. Limoli*, Slip Opinion No. 2014-Ohio-3072, the Ohio Supreme Court examined the effect of H.B. 86 on a defendant who was convicted of an offense specified in Section 3 of H.B. 86 prior to its effective date but was not sentenced until after its effective date. The court concluded that because Section 3 of H.B. 86, which is very similar to Section 4, specifically identified the code section for that particular offense and stated that R.C. 1.58(B) makes the amendments to that code section applicable, courts must sentence individuals who committed that offense prior to H.B. 86's effective date under H.B. 86 sentencing provisions. Regarding the legislature's intent, the Supreme Court explained:

> The goal of the General Assembly in enacting H.B. 86 was "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." [*State v.*] *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011).

Thus, Girts should have been sentenced to a definite prison term under H.B. 86 instead of an

indefinite prison term according to pre-S.B. 2 sentencing law. As a result, his indefinite sentence of 6 to 30 years is void.

{¶18} The trial court in this case sentenced Girts to an indefinite prison term of 6 to 30 years for involuntary manslaughter and insurance fraud. Involuntary manslaughter was a first-degree felony in 1992 and is a first-degree felony under H.B. 86. However, the basic prison terms for a first-degree felony under H.B. 86 "shall be three, four, five, six, seven, eight, nine, ten, or eleven years." Thus, the maximum prison term Girts could have received under H.B. 86 was 11 years, instead of the 30-year maximum he could have received under the pre-S.B. 2 sentencing laws.

{¶19} Similarly, insurance fraud was a fourth-degree felony in 1992 and was subject to an indefinite prison term of 1 to 5 years. Under H.B. 86 it is now a fifth-degree felony, if the amount of the insurance fraud claim is $1,000 or more but less than $7,000. According to the state, Girts' insurance fraud claim was over $300 and less than $5,000 and is a fifth-degree felony under H.B. 86. Girts would have pleaded guilty to a fifth-degree felony instead of a fourth-degree felony, had the trial court applied the H.B. 86 amendments to his insurance fraud conviction pursuant to Section 4 of the act.[1]

{¶20} Further, uncodified Section 4 of H.B. 86 expressly states that anyone penalized under R.C. 2929.13(B) shall be sentenced under H.B. 86 amendments to that section. R.C. 2929.13(B) creates a presumption in favor of community control sanctions in lieu of prison for

---

[1] In *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, the Ohio Supreme Court held that the legislature intended to afford the defendant the benefit of a decreased felony classification by virtue of the legislature's express statement in Section 4 of H.B. 86 that R.C. 1.58(B) makes favorable amendments applicable to certain offenses committed prior to the effective date of H.B. 86. *Id.* at ¶ 19.

non-violent fifth-degree felonies.   Girts had no criminal history prior to this case.

{¶21} Given these facts as outlined above, Girts could not have entered his guilty plea intelligently and knowingly since he believed pre-S.B. sentencing law applied. Indeed, the state may not have offered the plea if it knew Girts would be sentenced under H.B. 86.   A plea agreement is a contract and "[p]rinciples of contract law are generally applicable to the enforcement and interpretation of plea agreements."   *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, ¶ 26, quoting *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50.

{¶22} A mutual mistake of fact is grounds for recision of a contract.   *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.*, 79 Ohio St.3d 216, 220, 680 N.E.2d 993 (1997), citing 1 Restatement of the Law 2d, Contracts 385, Mistake, Section 152(1) (1981). "[I]f the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement," the agreement should be rescinded.[2]   *State v. Johnson*, 182 Ohio App.3d 628, 2009-Ohio-1871, 914 N.E.2d 429, ¶ 14 (4th Dist.).

{¶23} Accordingly, we vacate both the indefinite prison sentence and Girts' plea, which was based on a mistake of fact, and remand the case to the trial court for trial on the original count of aggravated murder.

{¶24} The judgment of the trial court is reversed.

It is ordered that appellant recover from appellee the costs herein taxed.

---

[2] A mutual mistake of law is generally not grounds for rescission. *Harville v. Franklin*, 12 Dist. Warren No. CA91-01-003, 1991 Ohio App. LEXIS 3515 (July 29, 1991).   Although the parties were mistaken as which sentencing law applied to Girts' convictions, this was a mistake of fact rather than a mistake of law.   A mistake of law occurs when "a person is truly acquainted with the existence or nonexistence of facts but is ignorant of or comes to an erroneous conclusion as to their legal effect * * *."   *Id.*, quoting *In Re Estate of Lytle*, 40 Ohio Misc. 36, 40, 318 N.E.2d 880 (1974).

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA    A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR