[Cite as *State v. Wheeler*, 2015-Ohio-3768.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102375

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RONALD WHEELER

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588114-A

**BEFORE:** Boyle, J., Celebrezze, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 17, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Mary Weston
     Brett Hammond
     Daniel T. Van
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

James A. Gay
3324 Martin Luther King Jr. Drive
Cleveland, Ohio 44104

MARY J. BOYLE, J.:

{¶1} Plaintiff-appellant, state of Ohio, appeals from a trial court judgment sentencing defendant-appellee, Ronald Wheeler, under the provisions of H.B. 86 for two rape convictions that occurred in 1994. In its sole assignment of error, the state contends that "[b]ecause defendant-appellee committed his offenses prior to July 1, 1996, the trial court erred when it sentenced defendant-appellee under [S.B. 2] sentencing provisions effective July 1, 1996 and H.B. 86 provisions effective September 30, 2011."

{¶2} The state acknowledges this court's prior precedent on this exact issue, but appeals "for purposes of further appellate review or potential intra-district conflict (should the assigned panel reach a different outcome)." We decline, however, to depart from our prior precedent, overrule the state's sole assignment of error, and affirm the judgment of the trial court.

{¶3} In 1994, on two occasions taking place four months apart, Wheeler forced two separate victims from a bus stop at gunpoint, took them to a hidden location, and physically assaulted and raped them. The victims went to the hospital following the rapes, and a rape kit was collected. The crimes were never solved for 20 years. But in 2012, the rape kits were submitted to the Ohio Attorney General's Bureau of Criminal Investigation for DNA testing. In 2014, there was a match in the Combined DNA Index System database ("CODIS"), and Wheeler was identified as the perpetrator in these two

crimes.

**{¶4}** Wheeler was indicted in August 2014 on seven counts, including three counts of rape, three counts of kidnapping, and one count of aggravated robbery. In December 2014, he pleaded guilty to an amended indictment of two counts of rape in violation of R.C. 2907.02(A)(2). The remaining counts were nolled.

**{¶5}** At sentencing, the trial court sentenced Wheeler under H.B. 86, imposing two consecutive prison terms of 11 years on each rape count for a total of 22 years in prison. The trial court also notified Wheeler that he would be subject to five years of mandatory postrelease control upon his release from prison and be labeled a sexual predator under H.B. 180.

**{¶6}** At the time of Wheeler's offenses in 1994, the penalty for first-degree felonies was an indefinite term of a minimum of five, six, seven, eight, nine, or ten years, and a maximum of 25 years. *State v. Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635, ¶ 3. In 1996, S.B. 2 amended the sentencing statutes, making the range for a first-degree felony a definite term of anywhere between three and ten years. *Id.* In 2011, H.B. 86 amended the range for a first-degree felony again; it is now a definite term of three to eleven years. *Id.*

**{¶7}** The issue presented in this appeal is whether the trial court correctly sentenced Wheeler under H.B. 86, which was in effect at the time he was sentenced, or whether it should have sentenced him under pre-S.B. 2 law that was in effect at the time of his offenses.

**{¶8}** As the state acknowledges, this court has already decided this issue, and has concluded that a defendant in Wheeler's position should be sentenced under H.B. 86, which was in effect at the time of sentencing. *See State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, *discretionary appeal not accepted*, *State v. Jackson*, 142 Ohio St.3d 1465, 2015-Ohio-1896, 30 N.E.3d 974 (for a full analysis addressing all of the issues that the state raises here);[1] *see also Byran*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635; *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545; *State v. Steele*, 8th Dist. Cuyahoga Nos. 101139 and 101140, 2014-Ohio-5431; *State v. Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415; *State v. Hill*, 8th Dist. Cuyahoga No. 101633, 2015-Ohio-2389.

**{¶9}** Thus, in accordance with precedents from this court, we affirm the trial court's judgment sentencing Wheeler under H.B. 86.

**{¶10}** The state's sole assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

---

[1] The Ohio Supreme Court also denied the state's motion for reconsideration asking the court to reconsider its decision and accept *Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, for discretionary review. *See State v. Jackson*, 43 Ohio St.3d 1420, 2015-Ohio-2911, 34 N.E.3d 932.

the Rules of Appellate Procedure.

_____

__
MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
LARRY A. JONES, SR., J., CONCUR