[Cite as *State v. Brown*, 2015-Ohio-4372.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102377**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## KEITH BROWN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576531-C

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 22 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Daniel T. Van
          Brett Hammond
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Stephen L. Miles
20800 Center Ridge Road
Suite 405
Rocky River, Ohio 44116

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment sentencing defendant-appellee, Keith Brown, under the provisions of H.B. 86 for a rape conviction. In its sole assignment of error, the state contends that because Brown committed his offenses prior to July 1, 1996, "the trial court erred when it sentenced defendant-appellee under S.B. 2 sentencing provisions effective July 1, 1996 and H.B. 86 provisions effective September 30, 2011."

{¶2} The state acknowledges this court's prior precedent on this issue, but appeals "for purposes of further appellate review or potential intra-district conflict (should the assigned panel reach a different outcome)." We decline to depart from our prior precedent, overrule the state's sole assignment of error, and affirm the trial court's judgment.

{¶3} In late July and early August 1993, a young girl was raped by multiple men over the course of several days. The case went unsolved. In early 2013, the Ohio Attorney General's Bureau of Criminal Investigation tested the rape kit and found several DNA matches. Seven men were identified, including Brown.

{¶4} In July 2013, Brown was charged with one count each of rape and kidnapping and six counts of complicity to commit rape. Brown pleaded guilty to an amended indictment of one count of rape, a felony of the first degree. The remaining counts were

nolled.[1]

{¶5} At sentencing, the trial court sentenced Brown under H.B. 86, imposing four years in prison, notifying him of postrelease control obligations, and finding him to be a sexually oriented offender.

{¶6} At the time of Brown's offense in 1993, the penalty for a first degree felony was an indefinite term in prison of a minimum of five, six, seven, eight, nine, or ten years, to a maximum of 25 years. *See State v. Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635, ¶ 3. In 1996, the legislature amended the sentencing statutes with S.B. 2, making the range for a first-degree felony a definite term of anywhere from three to ten years. *Id.* In 2011, H.B. 86 again amended the range for a first degree felony; it is now a definite term of 3 to 11 years. *Id.*

{¶7} The issue presented in this appeal is whether the trial court correctly sentenced Brown under H.B. 86, which was in effect at the time he was sentenced, or whether it should have sentenced him under pre-S.B. 2 law that was in effect at the time of his offenses.

{¶8} As the state acknowledges, this court has already decided this issue, and has concluded that a defendant in Brown's position should be sentenced under H.B. 86, which was in effect at the time of his sentencing. *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, ¶ 29-39, *discretionary appeal not accepted*, 142 Ohio

---

[1]Several of Brown's codefendants also pleaded guilty to various charges. *See State v. Frost*, 8th Dist. Cuyahoga No. 102376; *State v. Burton,* 8th Dist. Cuyahoga No. 102378; *State v. Towns*, 8th Dist. Cuyahoga No. 102425; and *State v. Turner*, Cuyahoga C.P. No. CR-13-576531-G.

St.3d 1465, 2015-Ohio-1896, 30 N.E.3d 974.

**{¶9}** Thus, in accordance with this court's precedent, we affirm the trial court's judgment sentencing Brown under H.B. 86.

**{¶10}** The state's sole assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR