[Cite as *State v. Frost*, 2015-Ohio-4493.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102376

---

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**TERRY FROST**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576531-D

**BEFORE:** Laster Mays, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 29, 2015

-i-

**ATTORNEYS FOR APPELLANT**

Timothy McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Brett Hammond
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Brian R. McGraw
55 Public Square, Suite 2100
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} On December 15, 2014, defendant-appellee Terry Frost ("Frost") entered a plea of guilty to rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The court found Frost to be a sexually oriented offender. Frost was sentenced to ten years in prison for his rape conviction under the provisions of H.B. 86. Plaintiff-appellant, the state of Ohio, assigns one error for our review.

> I. Because Frost committed his offenses prior to July 1, 1996, the trial court erred when it sentenced Frost under sentencing provisions effective July 1, 1996 and H.B. 86 provisions effective September 30, 2011.

{¶2} The state acknowledges this court's precedent on this issue in *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, *discretionary appeal not accepted*, 142 Ohio St.3d 1465, 2015-Ohio-1896, 30 N.E.3d 974. For "purposes of further appellate review or potential intra-district conflict (should the assigned panel reach a different outcome)" the state appeals. After review of the record, we decline to depart from precedent and affirm the trial court's judgment.

{¶3} The Bureau of Criminal Investigation ("BCI") tested a 1993 sexual assault kit of victim J.M. J.M. previously reported to the police that she was sexually assaulted behind a school by three males on or about July 26, 1993, and then later sexually assaulted in a house by multiple males. A sexual assault kit was completed but the case went unsolved. In 2013, BCI tested DNA from the victim's sexual assault kit and found several DNA matches, seven in fact, including Frost.

{¶4} Frost was charged in Count 1 for rape in violation of R.C. 2907.02(A)(1)(b), a felony of first degree; Count 2 for kidnaping in violation of R.C. 2905.01(A)(4); and Counts 3 through 8 for complicity to commit rape in violation of R.C. 2923.03(A)(2), a felony of the first degree.

Frost pleaded guilty to rape and the remaining charges were nolled. The trial court sentenced Frost to ten years in prison pursuant to his plea in compliance with H.B. 86.

{¶5} At the time of Frost's offenses in 1993, the penalty for first degree felonies was an indefinite term of a minimum of five, six, seven, eight, nine, or ten years and a maximum of 25 years. *State v. Wheeler*, 8th Dist. Cuyahoga No. 102375, 2015-Ohio-3768, ¶ 6, citing *State v. Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635, ¶ 3. In 1996, S.B. 2 amended the sentencing statutes, making the range for a first degree felony a definite term of anywhere between three and ten years. *Id.* In 2011, H.B. 86 amended the range for a first degree felony again; it is now a definite term of three to eleven years. *Id.*

{¶6} The issue presented in this appeal is whether the trial court correctly sentenced Frost under H.B. 86, which was in effect at the time he was sentenced, or whether it should have sentenced him under pre-S.B. 2 law that was in effect at the time of his offense.

{¶7} As the state acknowledges, this court has already decided this issue, and has concluded that a defendant in Frost's position should be sentenced under H.B. 86, which was in effect at the time of his sentencing. *Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137; *see also Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635; *Wheeler,* 8th Dist. Cuyahoga No. 102375, 2015-Ohio-3768.

{¶8} Thus, in accordance with this court's precedent, we affirm the trial court's judgment sentencing Frost under H.B. 86.

{¶9} The state's sole assignment of error is overruled.

{¶10} The trial court's decision is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR