[Cite as *State v. White*, 2016-Ohio-2941.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103351**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## STEVE WHITE

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588304-A

**BEFORE:**   Stewart, J., E.T. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   May 12, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 West Lakeside Avenue, Suite 200
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} On August 14, 2014, defendant-appellee Steve White was indicted on charges of rape and kidnapping stemming from conduct that occurred 20 years earlier in August 1994. White pleaded guilty to one count of rape in exchange for the dismissal of the remaining charges and the trial court sentenced him to a six-year prison term and postrelease control in accordance with the sentencing provisions of 2011 Am.Sub.H.B. No. 86 (H.B. 86).

{¶2} The state argues on appeal that the trial court erred when it sentenced White under the current sentencing law, H.B. 86, rather than the sentencing laws in effect at the time of the offense. We have previously reviewed this assigned error and have consistently held that a defendant in White's position is to be sentenced under the sentencing provisions of H.B. 86. *State v. Brown*, 8th Dist. Cuyahoga No. 102377, 2015-Ohio-4372; *State v. Bell*, 8th Dist. Cuyahoga No. 102141, 2015-Ohio-4178; *State v. Owens*, 8th Dist. Cuyahoga No. 102276, 2015-Ohio-3881; *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545; *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137. The state acknowledges this court's settled position and concedes that it appeals only to preserve the assigned error pending the resolution of *State v. Thomas*, 143 Ohio St.3d 1463, 2015-Ohio-3733, 37 N.E.3d 1249. Accordingly, the assignment of error is overruled.

{¶3} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR